UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>AMY GARNISS<br><br>Debtor. | Chapter 11 (SubChapterV)<br>Case No. 26-11239-JEB |

**DEBTOR'S APPLICATION FOR**
**AUTHORITY TO EMPLOY SPECIAL COUNSEL**

Debtor Amy Garniss (the “Debtor”) hereby applies to this Court, pursuant to Section 327(e) of the Bankruptcy Code, for authority to employ Michael Rossi at Cohn Kavanaugh (the “Firm”) as special counsel in this case to represent her in connection with a claim brought by Carol and Costa Makris with the Massachusetts Board of Bar Overseers (“BBO”). As grounds therefor, the Debtor states:

**Background**

1. On May 28, 2026 (the "Petition Date"), the Debtor filed a voluntary petition under Subchapter V of Chapter 11 of the Bankruptcy Code in this Court.

2. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to manage its businesses and financial affairs as a debtor-in-possession.

3. The Debtor is an individual who resides in Beverly, Massachusetts. She is a sole practitioner who operates a law firm in Beverly, Massachusetts. The Debtor’s primary focus is on residential real estate transactions.

4. In February 2025, while conducting a closing for longtime clients Carol and Costa Makris, the Debtor was a victim of wire fraud, when she was defrauded by an online scammer into wiring over $600,000 in sale proceeds, intended for the Makrises, to the scammer.

5. On or about March 30, 2026, the Makrises filed a Complaint against the Debtor, seeking over $2.3 million in damages, alleging, *inter alia*, malpractice, breach of contract and a violation of Mass. Ge. L. Ch. 93A. because the debtor's professional liability insurance did not cover cybercrime, the Debtor can no longer afford to defend the litigation. Attempts to resolve the matter have been fruitless. Therefore, the Debtor has sought protection under the Bankruptcy Code, and intends to propose a plan of reorganization that commits her net disposable income to repay her creditors.

6. In May 2026, the Makrises also filed a claim against the Debtor with the BBO. While the Debtor has no doubt that the BBO action is a meritless attempt to pressure the Debtor to satisfy the debt to the Makrises, the BBO action is likely not a stay violation. Therefore, the Debtor needs counsel to represent her interests.

**Employment of Special Counsel**

7. The Debtor wishes to employ the Firm to represent her before the BBO. The Firm is familiar with this matter having represented this Debtor in the state court litigation.

8. Employment of the Firm will be in the best interest of the bankruptcy estate. Mr. Rossi specializes in professional liability, business litigation, and employment matters. The Debtor believes that the Firm is qualified and capable of representing her. Payment on account of services rendered in this matter will be paid directly by the Debtor's liability insurance[1]. A copy of the Firm's employment agreement with the Debtor is attached hereto as Exhibit "A".

9. To the best of the Debtor's knowledge, and as set forth in the Signed Statement of

---

[1] While the Debtor's malpractice insurance did not cover the cybercrime that gave rise to the Makrises' claim, it does provide defense costs related to BBO claims.

Professional Person, attached hereto as Exhibit "B", the Firm does not hold or represent any interest adverse to the Debtor. Moreover, to the best of the Debtor's knowledge, the Firm has no connection with her, the Trustee, her creditors, other parties in interest, or their respective attorneys or accountants, other than being engaged to represent her in this matter prior to the filing of this bankruptcy.

10. By this Motion, the Debtor requests that payment to the Firm be allowed without further Orders of this Court as legal fees associated with the BBO claim will be covered by the Debtor's liability insurance.

11. Notice of this Application has been given to the United States Trustee and to all parties who have requested notice in this case. The Debtor requests that such notice be deemed appropriate notice of this Application in the particular circumstances.

Respectfully submitted this 1st day of July, 2026.

/s/David B. Madoff
David B. Madoff, Esq. (552968)
MADOFF & KHOURY LLP
124 Washington Street, Ste. 202
Foxborough, Massachusetts 02035
(508) 543-0040
madoff@mandkllp.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>AMY GARNISS<br><br>Debtor. | Chapter 11 (SubChapterV)<br>Case No. 26-11239-JEB |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 1, 2026 he caused copies of the Debtor's Application for Authority to Employ Special Counsel with Signed Statement to be served by United States first class mail, postage prepaid or by ECF, upon the following parties:

**SERVICE LIST**

Eric K. Bradford on behalf of Assistant U.S. Trustee Richard King - B
Eric.K.Bradford@USDOJ.gov

Stephen S. Gray
ssg@grayandcompanyllc.com

Richard King - B
USTPRegion01.BO.ECF@USDOJ.GOV

Kate E. Nicholson on behalf of Creditor Carol Makris
kate@nicholsondevine.com,
knicholson@ecf.courtdrive.com;admin@nicholsondevine.com;april@nicholsondevine.com;ange
lina@nicholsondevine.com;Nicholson.KateE.B113277@notify.bestcase.com

Kate E. Nicholson on behalf of Creditor Costas Makris
kate@nicholsondevine.com,
knicholson@ecf.courtdrive.com;admin@nicholsondevine.com;april@nicholsondevine.com;ange
lina@nicholsondevine.com;Nicholson.KateE.B113277@notify.bestcase.com

Michael J. Rossi
Cohn Kavanaugh Rosenthal Piesch & Ford, LLP
One Federal Street, 15th Floor
Boston, MA 02110

Respectfully submitted this 1st day of July, 2026.

/s/ David B. Madoff
David B. Madoff, Esq (552968)
MADOFF & KHOURY LLP
124 Washington Street, Ste. 202
Foxborough, Massachusetts 02035
(508) 543-0040
madoff@mandkllp.com